IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TRAVELERS INDEMNITY COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No.  **06-455-DRH** |
| | ) | |
| **GENERAL MEDICINE PC, and** | ) | |
| **JAMIE J. MONKE,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the court is the parties' Agreed and Stipulated Protective Order, which the court construes as a Motion for Protective Order.  **(Doc. 29)**.

Despite the fact that the parties have agreed to the protective order, the court cannot approve such an order.

"[T]he tradition that litigation is open to the public is of very long standing." *Union Oil Company of California v. Leavell*, **220 F.3d 562, 567 (7th Cir. 2000)**.   Therefore, this Court looks at requests for protective orders with a critical eye.

The Court invites the parties to study the applicable Seventh Circuit precedents of *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, **178 F.3d 943 (7th Cir. 1999)**, and *Union Oil Company of California v. Leavell*, **220 F.3d 562 (7th Cir. 2000)**.

The philosophy of the Seventh Circuit is as follows:

> People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property, U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 27-29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994); In re Memorial Hospital of Iowa County, Inc., 862 F.2d 1299, 1302-03 (7th Cir.1988), and the third-party effects that justify the subsidy of the judicial system also justify

1

making records and decisions as open as possible.

*Union Oil, supra,* **220 F.3d at 568.**

In ***Citizens First National Bank***, the Seventh Circuit cautioned that judges must not grant "virtual *carte blanche* to either party to seal whatever portions of the record the party want[s] to seal." ***Citizens First National Bank*, 178 F.3d at 944.** It is the court's duty to make a determination of good cause in order to seal <u>any</u> part of the record in a case. ***Citizens First National Bank*, 178 F.3d at 944.** That determination need not be made on a document-by-document basis, but can be satisfied by a tightly-drawn order which keeps secret only trade secrets or some other "properly demarcated category of legitimately confidential information." ***Citizens First National Bank*, 178 F.3d at 946** The judge must be satisfied that the "parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets," and the order must allow any party or <u>members of the public</u> to challenge the secreting of documents. Demarcation of an appropriate set of documents is crucial because it substitutes for a document- by- document review and determination of good cause by the court.

The protective order proposed by the parties does not comply with applicable Seventh Circuit precedent, and therefore must be rejected. The parties are free to move again for an appropriate protective order.

For the foregoing reasons, the parties' Motion for Protective Order **(Doc. 29)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 30, 2007.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**