IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TRAVELERS INDEMNITY COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **06-455-DRH** |
| | ) | |
| **GENERAL MEDICINE PC, and** | ) | |
| **JAMIE J. MONKE,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is plaintiff's Motion to Compel Depositions. **(Doc. 35)**. Defendant

General Medicine filed a response at **Doc. 39**.

Plaintiff is trying to schedule the depositions of three of General Medicine's employees.

These people may have been involved in or have knowledge of the preparation of General

Medicine's application for the insurance at issue here. Travelers maintains that the application

contained inaccuracies, and is pursuing discovery in an attempt to establish who was responsible

for incorporating the inaccurate information into the application.

Defendant has commendably agreed that it will produce the three employees without the

necessity of subpoenas, and all parties have agreed to travel to Michigan for the depositions.

However, they have encountered difficulties in scheduling the depositions. General Medicine

asserts that May 17, 2007, is the only date in the month of May on which the witnesses are

available. Unfortunately, Dr. Monke's counsel is not available then. General Medicine suggests

the dates of June 7 or June 21, 2007. Dr. Monke's counsel is not available on June 7, and

Travelers does not want to wait until late June to take the depositions because the discovery cut-off is July 9, 2007.  Adding to the difficultly is that fact that the witnesses want to have their own attorneys attend the depositions as well.

The depositions have now been noticed up for May 16, 2007.  General Medicine has not move to quash the notices.

Both parties attach copies of portions of the deposition of Dr. Prose, who is the president of General Medicine.  Tempers flared during that deposition, to the extent that the witness demanded that the police be called.  **See, Doc. 39, exhibit 2.**  The court is not in a position to determine who was to blame for that debacle, but all counsel and parties in this case must understand that any recurrence of such behavior will not be tolerated.  Counsel should review the recent case of ***Redwood v. Dobson*, 476 F.3d 462 (7th Cir. 2007),** and take to heart the Seventh Circuit's statements about the importance of adhering to professional standards.

This court has very little patience for the situation presented in this motion.  The parties are willing to travel to Michigan to take the depositions.  General Medicine's position that there would be only one date in May and only two dates in June on which the witnesses are available is unreasonable.  The court also foresees that waiting until June 21, 2007, to take the depositions is likely to create additional scheduling problems because that date is so close to the discovery deadline.

The coordination of schedules can, of course,  be problematic.  However, the court requires attorneys (and parties) to act like responsible adults and work together in a cooperative fashion to overcome scheduling problems.  It should not become necessary to call upon the court to spend its time settling such a dispute.

Upon consideration and for good cause shown, plaintiff's Motion to Compel Depositions **(Doc. 35)** is **GRANTED as follows:**

**Defendant General Medicine shall produce the witnesses for deposition on May 16, 2007, pursuant to the outstanding notices, or shall set a date no later than June 8, 2007, on which the depositions can be taken.  Counsel for all parties shall cooperate to identify such a date.**

 The court urges the parties to consider whether alternative technology, such as videoconferencing, might be used by attorneys who are unable to physically attend the depositions.

**IT IS SO ORDERED.**

**DATED: May 11, 2007.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**