IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TRAVELERS INDEMNITY COMPANY,**

    **Plaintiff,**

v.

**GENERAL MEDICINE, P.C.,**
a Corporation; and **JAMIE J. MONKE,**
Individually,

    **Defendants.**                        Case No. 06-cv-455-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

Now before the Court is General Medicine, P.C.'s Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment (Doc. 63). Plaintiff Travelers Indemnity Company ("Travelers") filed this action for declaratory judgment, seeking the Court find it had no duty to defend or indemnify defendant General Medicine with regards to claims filed against General Medicine by Dr. Jamie Monke ("Monke") (Doc. 37 - Amended Complaint). Plaintiff issued a Workers Compensation/Employer's Liability policy to its named insured, General Medicine, under policy number 6KUB-7363A755 (the "Policy"), pursuant to its status as a Serving Carrier of the Michigan Workers Compensation

Placement Facility Assigned Risk Plan, with an effective date from March 29, 2004 to March 29, 2005 (Doc. 2, ¶ 17). Plaintiff attached a copy of the Policy to its Complaint. Monke, as an employee of General Medicine, filed this workers compensation claim (No. 06-wc-02340) against General Medicine for injuries she allegedly sustained on or about January 15, 2005 (Doc. 2, ¶¶ 6-9).[1] She later filed suit against General Medicine and it was subsequently removed to federal court (*see* Case No. 07-cv-198-DRH).

Defendant's Motion for Judgement on the Pleadings is made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(c)**, which states:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**FED. R. CIV. P. 12(c).**

Thus, a **Rule 12(c)** Motion can only be considered after there is both a complaint and answer on file. ***Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002)(citing FED. R. CIV. P. 12(c))**. Much like a **Rule 12(b)(6)** motion, when analyzing a **Rule 12(c)** motion, a court must accept "all well-pleaded allegations in the complaint as true, drawing all reasonable

---

[1] Although the Complaint was amended, the Amended Complaint incorporates by reference the allegations and exhibits in the initial Complaint.

inferences in favor of the plaintiff." **Thomas v. Guardsmark, Inc., 381 F.3d 701, 704 (7th Cir. 2004)(internal citations and quotes omitted)**.  A judgment on the pleadings should be granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief" and when there are no remaining material questions of fact for the court to resolve.  **Id.; see also Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007)(internal citation omitted)**.

In the instant matter, Plaintiff has filed its Amended Complaint (Doc. 37), to which Defendant General Medicine has answered (Doc. 62).[2]  In its Answer (Doc. 62), General Medicine admits the majority of Plaintiff's allegations, also requesting declaratory judgment be entered in favor of Plaintiff and against Defendants, stating that the policy language clearly shows that Plaintiff has no duty to defend or indemnify General Medicine regarding Monke's claims.  General Medicine requests the same relief in its **Rule 12(c)** Motion.  In response to this Motion, Plaintiff has filed its own **Rule 12(c)** Motion (Doc. 77), seeking judgment on the pleadings in its favor on Counts I and III of its Amended Complaint (as Count II is pleaded in the alternative to Count I), that it has no duty to defend or indemnify General Medicine regarding Monke's claims, as such are excluded by the language of the Policy.  In addition, General Medicine has filed a Stipulation of

---

[2]  Defendant Monke filed her Answer (Doc. 12) to the initial Complaint, but did not file an Answer to the Amended Complaint.

3

Facts (Doc. 53), which states that the Policy does not bind Plaintiff to General Medicine or Monke for her claims made relative to her workers compensation claim or lawsuit against her employer, General Medicine.  Monke does not oppose an entry of judgment against General Medicine and herself in favor of Travelers as to the instant Declaratory Judgment suit, evident by her motion to withdraw objection (*see* Doc. 72),

Thus, it is clear from the face of the pleadings that all parties are in agreement that Plaintiff, under the Policy, has no duty to defend or indemnify General Medicine regarding Monke's workers compensation claim or lawsuit filed against General Medicine.  There are no remaining material issues of fact to resolve.  As such, the Court **GRANTS** defendant General Medicine's **Rule 12(c)** Motion (Doc. 63).  Accordingly, the Court hereby directs the clerk to enter judgment in Travelers Indemnity Company's favor and against General Medicine, P.C. and Jamie J. Monke, declaring that Travelers Indemnity Company has no duty to defend or indemnify General Medicine, P.C. under Policy No. 6KUB-7363A755 for claims filed against it by Jamie J. Monke regarding the events arising from her alleged injury occurring on or about January 15, 2005.  All remaining motions pending in this case are hereby **FOUND MOOT**.

**IT IS SO ORDERED.**

Signed this 7th day of September, 2007.

/s/     DavidRHerndon
**United States District Judge**